IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MARCUS WAYNE COVINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:22CV672 |
| | ) | |
| JOHNNY HAWKINS, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a detainee in the Durham County Detention Center, submitted a pro se complaint under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). Plaintiff names the Chief Deputy at the Detention Center, Johnny Hawkings, and Deputy Charles McFalls as Defendants based on their alleged mishandling of prisoner legal mail. Plaintiff seeks millions of dollars in damages for the emotional distress and anxiety the destruction of the mail allegedly caused him.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted

as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it fails to state a claim on which relief may be granted.

As an initial matter, Plaintiff seeks only damages as relief based purely on alleged emotional injuries. Prisoners cannot receive damages for emotional injuries without first

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

2

showing some physical injury. 42 U.S.C. § 1997e(e). Plaintiff does not even allege such an injury. Therefore, Plaintiff cannot receive the only relief requested in the Complaint.

Further, to the extent that Plaintiff could potentially amend his Complaint to seek other relief, it still fails to state any viable claim. According to the Complaint a public defender attempted to smuggle drugs into the Detention Center in legal mail. This prompted to Defendant Hawkings to instruct Defendant McFalls to open all legal mail, make copies of it for distribution to the inmates, and shred the original mail. After Plaintiff filed grievances or complained, an officer not named as a Defendant in the lawsuit, Staff Sergeant Ellerbe, allegedly instructed Defendant McFalls to apply this policy only to mailings from the affected public defender's office and not to court mailings.

The Complaint does not contain specific allegations regarding particular pieces of mail belonging to Plaintiff which were treated in the manner just described. Plaintiff cannot raise allegations based on incidents that occurred involving other inmates and their mail, only his own. Assuming that he could amend his Compliant to allege that his legal mail was shredded and he was given copies on certain occasions, this still fails to state any claim for relief. Inmates do have a general right under the First Amendment of the United States Constitution, subject to reasonable penological regulations, to send and receive mail. Thornburgh v. Abbott, 490 U.S. 401, 407 (1989). However, the Complaint makes no allegation that Plaintiff never received his mail or even that it was significantly delayed, only that he received copies instead of originals. He does not begin to explain how this harmed his rights in any way. The Complaint contains no allegations that the copies were incomplete or insufficient for Plaintiff

3

to know of the contents of his mail. Thus, there was no interference with his receipt of the substance of the mail and no violation of his First Amendment right to communicate by mail. The right to send and receive legal mail is also closely tied to the right of access to the courts. Galeas v. Inpold, 845 F. Supp. 2d 685, 687 (W.D.N.C.), remanded on other grounds, 485 F. App'x 627 (4th Cir. 2012). However, in order to state a claim based on denial of access Plaintiff would have to demonstrate that Defendants' actions somehow hindered his efforts to pursue a legal claim. Lewis v. Casey, 518 U.S. 343, 351 (1996). The Complaint does not even contain an allegation that this is the case. Therefore, it utterly fails to set out any viable claim for relief and should be dismissed.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment of $6.67. Failure to comply with this Order will lead to dismissal of the Complaint.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $6.67.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of October

of 2022, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted.

This, the 2nd day of September, 2022.

/s/ Joe L. Webster
United States Magistrate Judge